UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A.M. DOE, and K.M. DOE,

    Plaintiffs,

v.

RILEY SHEA,

    Defendant.

Case No. 23-12797
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PLAINTIFFS' EX PARTE MOTION TO APPOINT NEXT FRIEND AND GRANTING PLAINTIFFS' EX PARTE MOTION FOR PROTECTIVE ORDER AND TO FILE AFFIDAVIT OF COUNSEL UNDER SEAL [2]**

---

A.M. Doe says her high school swim coach Riley Shea sexually harassed her when she was sixteen. (*See* ECF No. 1) So A.M., through her mother, K.M. Doe, filed this suit against Shea for violations of Title IX and the Elliott-Larsen Civil Rights Act, and for intentional infliction of emotional distress. (*Id.*)

On November 2, 2023, Plaintiffs filed an ex parte motion asking the Court to appoint K.M. as a next friend. (ECF No. 2, PageID.20–21.) Plaintiffs also seek a protective order allowing them to proceed pseudonymously and request permission to file an affidavit concerning their identities under seal. (*Id.* at PageID.22.) For the reasons that follow, the Court will deny as unnecessary Plaintiffs' motion to appoint K.M. as a next friend but will grant Plaintiffs' other requests.

**I.**

Start with Plaintiffs' motion to appoint K.M. as a next friend. Federal Rule of Civil Procedure 17 provides that a "general guardian" "may sue or defend on behalf

of a minor or an incompetent person." Fed. R. Civ. P. 17(c)(1)(A). And "a parent is a guardian who may sue as a [minor or incompetent person's] representative" without need for appointment as a "next friend." *In Re Brooks*, 583 B.R. 443, 444–45 (W.D. Mich. Bankr. 2018) (denying petition for next-friend status as "unnecessary" because parent "may sue on behalf of his minor daughter as her parent without resort to any appointment as next friend or guardian ad litem"); *see also Parker v. City of Highland Park*, No. 18-12038, 2018 U.S. Dist. LEXIS 128771, at *2 (E.D. Mich. Aug. 1, 2018) (denying petition for appointment of legal guardian as next friend as moot, and holding that under Rule 17(c)(1)(a) plaintiff's mother and legal guardian could sue on his behalf without formal court appointment as next friend); *Cmtys for Equity v. Mich. High Sch. Ath. Ass'n*, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998) (rejecting argument that because parents of plaintiffs were not appointed as "next friends" they lacked standing to pursue claims on their children's behalf).

Because A.M is a minor, and because K.M. is her mother and legal guardian, pursuant to Rule 17(c)(1)(A), the Court need not appoint K.M. as a "next friend" for her to prosecute this suit on A.M.'s behalf. Accordingly, Plaintiffs motion to appoint K.M. as a next friend is denied as MOOT.

## II.

Next, Plaintiffs seek a protective order allowing them to proceed pseudonymously, and permission to file an affidavit concerning their true identities under seal.

Start with the protective order. Generally, a complaint must state the names of all the parties, *see* Fed. R. Civ. P. 10(a), but the Court "may excuse [parties] from identifying themselves in certain circumstances," *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001)). To determine whether a party's privacy interests outweigh the presumption in favor of openness, the Sixth Circuit has identified factors to consider, including:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560) (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

According to Plaintiffs, A.M. has a substantial privacy right that outweighs the presumption in favor of openness. And, they continue, the disclosure of K.M.'s identity, as she is A.M.'s mother, will by extension compromise the privacy of A.M. The Court agrees. *See Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (recognizing that identifying a minor plaintiff by his or her initials but requiring the minor's parent or guardian to reveal their full name would make the minor easily identifiable).

3

First, this case challenges the conduct of a state-actor, a public-school swim coach. So the first *Porter* factor weighs in favor of Plaintiffs' request.

The second *Porter* factor—whether this litigation will disclose information of the utmost intimacy—also weighs in favor of Plaintiffs' request. Courts routinely find that privacy interests of alleged sexual assault and harassment victims outweigh the presumption in favor of openness. *See Doe v. Teays Valley Loc. Sch. Bd. of Educ.*, No. 2:23-CV-02704, 2023 WL 6442847, at *1 (S.D. Ohio Oct. 3, 2023) (allowing student (and legal guardian) who alleged multiple instances of grooming, sexually charged conduct, and rape by school official to proceed anonymously); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously).

Here A.M. alleges that she was severely and pervasively sexually harassed by her high school swim team coach, and that disclosure of her identity in this suit will lead to further embarrassment, mortification, and humiliation. (*See* ECF Nos. 1, 2.) So the Court finds that the litigation implicates information of the utmost intimacy.

Lastly, the fourth *Porter* factor weighs in her favor because A.M. is a minor. This provides another compelling reason to allow Plaintiffs to proceed anonymously. *See Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Courts frequently grant protective orders to minors who challenge governmental conduct.").

Given the weight of the factors, the balance of Plaintiffs' interests in nondisclosure outweighs the public's right to access their names in these court

4

proceedings. Accordingly, Plaintiffs' request for a protective order allowing them to proceed pseudonymously is granted.

And, for similar reasons, Plaintiffs' request to file under seal an affidavit concerning only their identities is granted.

### III.

In sum, Plaintiffs' ex parte motion to appoint K.M. as a next friend is DENIED as MOOT. Plaintiffs' ex parte motion for a protective order and to file under seal affidavit of defense counsel identifying Plaintiffs is GRANTED.

It is FURTHER ORDERED that:

(1) In all publicly filed documents, Plaintiffs shall only be identified as A.M. Doe and K.M. Doe. All documents filed with this Court that contain the full name of Plaintiffs, or contain information that identifies Plaintiffs, directly or indirectly, shall be filed under seal. The filing party must also contemporaneously file a public version with any identifying information redacted.

(2) The parties shall take all other reasonable steps to prevent Plaintiffs' true identities from being disclosed.

SO ORDERED.

Dated: November 17, 2023

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE